(No. 5100– ▮▮▮▮▮▮)

NATHANIEL TATE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1965.*

HAMPER AND REISER, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; DANIEL N. KADJAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Nathaniel Tate, seeks to recover from the State of Illinois the sum of $15,000.00 allegedly due to him by reason of the provisions of Chap. 37, Sec. 439.8C, Ill. Rev. Stats. This statute allows recovery to anyone who shall have been unjustly imprisoned in this State, provided the incarcerated person proves his innocence of the crime for which he was incarcerated . The amount of recovery is limited to

not more than $15,000.00 for the "unjust" imprisonment of 5 years or less.

It is alleged that, on the night of November 2, 1960, Nathaniel Tate met Jesse Jennings at Walton's Corner, a tavern, where they engaged in normal social activities. Shortly before closing, claimant asked the said Jesse Jennings if she would drive him home. Therefore, later, claimant and Jesse Jennings, in the company of Lulabell Williams and Benny Turner, left Walton's Corner at approximately 4:00 to 4:15 A.M. on November 3, 1960, and proceeded on the supposed route home. Mrs. Jennings sat in the front seat with claimant, while Miss Williams and Mr. Turner sat in the back seat. From this point on the facts seem to be in dispute. Claimant's position is that Turner and Miss Williams were discharged from the automobile at the corner of Springfield and Roosevelt Road, and that Mrs. Jennings and claimant then proceeded to Tate's place of employment, the L & L Barbecue House at 3111½ West Roosevelt Road, where they parked in an alley behind the restaurant. Claimant further alleges that he went around to the front door of the restaurant and entered in this manner. The back door was then opened by claimant, and Mrs. Jennings was allowed to enter. It was then approximately 4:35 A.M., and they proceeded to the rear of the restaurant. It is contended she disrobed there, and they engaged in sexual relations. After the act, it is then alleged that she went into the bathroom, and, while she was gone, claimant removed from her purse $20.00, he purportedly had given her. Later claimant was arrested when Mrs. Jennings arrived at the restaurant the next evening with two policemen and accused him of having raped her. He was subsequently indicted in the Criminal Court of Cook County on the charge of rape and robbery, and he entered a plea of not guilty to both charges. He waived his right to trial by jury, and was found guilty

by the court on both charges. Claimant was sentenced to serve a term of 15 years in the Illinois State Penitentiary for the crime of rape, and was further sentenced to not less than one nor more than five years for the crime of robbery. Said sentences were to run concurrently. Claimant remained at the prison for 2 years and 4 months.

Respondent alleges facts quite similar to that of claimant, with the exception that claimant is related to have pulled a gun and forced her to discharge the other passengers in the car and to accompany him to his place of employment. It was alleged that she was under his pressure, control, and coercion at all times, including the period when the alleged sexual intercourse took place. The State contended that he forced her to engage in sexual activities and that subsequently he forceably removed the money from her purse.

The Supreme Court of Illinois reversed the conviction of claimant in his original criminal trial in *People* vs. *Tate,* 26 Ill. 2d 588, stating "we are of the opinion that the people failed to prove beyond a reasonably doubt that the sexual intercourse was without consent of the prosecutrix, or that the money was taken from purse by force or intimidation. The judgments of the Criminal Court of Cook County are accordingly reversed."

We do not disagree with the Supreme Court and its findings of reversal in relation to the civil rights of claimant, Nathaniel Tate. The cause at hand is brought under a specific statute, i.e., Sub-par. C of Par. 439.8, Chap. 37, Ill. Rev. Stats. The burden of proof in the Court of Claims is upon claimant to prove all of the material allegations of his claim by a preponderance of the evidence. Claimant must prove that the time he served in prison was unjust; that he was innocent of the crime for which he was imprisoned; and, the amount of damages to which he would be entitled. *Jack*

*Flint* vs. *State of Illinois,* 21 C.C.R. 80; *George A. Pitts* vs. *State of Illinois,* 22 C.C.R. 258.

This Court has taken the position that the "fact" of the crime alleged to have been committed must be proven by a preponderance of the evidence not to have been committed by claimant. This position is clearly set forth in the case of *Jonnia Dirkans,* Claimant, vs. *State of Illinois,* No. 4909, where this Court stated: "We find that claimant, Jonnia Dirkans, has substantially failed to prove his innocence of the crime for which he was imprisoned. It is the studied opinion of this Court that the legislature of the State of Illinois in the language of Chap. 37, Sec. 439.8C, Ill. Rev. Stats., intended that a claimant must prove his innocence of the *"fact"* of the crime. It was not the intention of the General Assembly to open the Treasury of the State of Illinois to inmates of its penal institutions by the establishment of their technical or legal innocence of the crimes for which they were imprisoned. It is our opinion the legislators intended to provide a manner of recourse in the Court of Claims, with a specific amount of recovery provided, for a claimant who is able to establish his complete innocence of the *"fact"* of the crime for which he was imprisoned. The lawmakers of this State would not have intended to grant that recourse to the narcotic addicts, murderers, kidnappers, rapists, and other felons who obtain a reversal of their convictions upon a legal or technical basis, such as insanity at the time of the commission of the crime, or the running of the Statute of Limitations against said crime. We believe it was the intention of the legislature in creating Sec. 439.8C of the Court of Claims Act to provide a method of indemnification of persons innocent of the *"fact"* of the crime who have been unjustly imprisoned." In that case, Jonnia Dirkans failed to clearly establish "proof of his innocence," bringing forth no new evidence other than the testimony of his

nightly female companion whose statements respondent proceeded to discredit.

We find that claimant, Nathanial Tate, has failed to prove his innocence of the fact of the crime by a preponderance of the evidence. The claim is, therefore, denied.